The SCHNEIDER
PARTNERSHIP, Plaintiff,

v.

DEPARTMENT OF the
INTERIOR, Defendant.

Civ. No. 87-3824.

United States District Court,
D. New Jersey.

Aug. 24, 1988.

Goodman, Schneider & Cohen by Kevin L. Flanagan, Marlton, N.J., for plaintiff.

Samuel A. Alito, U.S. Atty. by Paul A. Blaine, Asst. U.S. Atty., Camden, N.J., for defendant.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court is defendant's motion for summary judgment, dismissing plaintiff's action for review of the defendant's determination that plaintiff was not entitled to an income tax credit pursuant to 26 U.S.C. Section 48(g). For the reasons set forth below, defendant's motion is granted.

Plaintiff, the Schneider Partnership, as owner of the Ocean Grove Post Office

Building, sought to obtain an income tax credit, pursuant to the Internal Revenue Code, 26 U.S.C. Section 48(g), for qualified rehabilitation of a certified historic structure. In order to obtain the tax credit, plaintiff must have obtained two classes of certifications from the Secretary of the Interior, acting through the National Park Service. Section 48(g)(3)(A) defines a certified historic structure as a building (and its structural components) which is located in a registered historic district and is certified by the Secretary of the Interior to the Secretary of the Treasury as being of historic significance to the district. A certified rehabilitation, according to Section 48(g)(2)(C), means any rehabilitation of a certified historic structure which the Secretary of the Interior has certified to the Secretary as being consistent with the historic character of such property or the district in which such property is located. The required certifications, Part One and Part Two, are issued by the National Park Service in accordance with 36 C.F.R. Part 67. Prior to National Park Service (NPS) certification, the State Historic Preservation Officer (SHPO) is to make recommendations as to the certification application.

On January 19, 1984, plaintiff filed an application for Part One and Part Two certifications with the New Jersey SHPO. On February 29, 1984, the SHPO returned to plaintiff Part Two of the application, noting that the application was incomplete due to plaintiff's failure to address proposed rehabilitation of the interior of the building. On April 3, 1984, plaintiff submitted a revised application. On June 14, 1984, plaintiff received a Part One certification, determining that the Post Office was a certified historic structure. On August 9, 1984, the SHPO returned plaintiff's Part Two application, again noting that plaintiff had failed to address proposed rehabilitation of the interior of the building. On December 7, 1984, the SHPO submitted plaintiff's revised application to the NPS regional office.

The NPS regional office, on January 29, 1985, requested further information from plaintiff regarding proposed interior rehabilitation. On February 29, 1985, plaintiff submitted to the regional office most of the requested information. On July 1, 1985, the regional office requested information which had not been provided with plaintiff's February 20, 1985, submissions. On July 22, 1985, plaintiff submitted the remaining information, and the application was complete. On November 11, 1985, plaintiff contacted the NPS office and requested that certification be granted by the end of the year. Plaintiff also stated that in anticipation of the certification, plaintiff had commenced the rehabilitation project.

On December 26, 1985, the NPS informed plaintiff that the rehabilitation plans did not conform to the Secretary of the Interior's Standards for Rehabilitation. The NPS determined that the rehabilitation did not conform to standards 1, 2, 4, 5 and 6. Following plaintiff's request for reconsideration, the NPS regional office affirmed its previous determination. Subsequently, plaintiff sought review by the Chief Appeals Officer (CAO) of the NPS. Following a meeting with plaintiff which included review of a videotape depicting the rehabilitation work in progress, the CAO affirmed the previous decision. Subsequently, plaintiff filed an action in this court.

Upon entering a Stipulation of Dismissal of the suit, plaintiff was permitted to submit additional support for its application. Following a second meeting with the plaintiff and plaintiff's architect, as well as the submission of an additional videotape and photographs, the CAO once again denied plaintiff's application for certification.

■ In opposition to defendant's motion for summary judgment, plaintiff asserts that the defendant's actions were not enabled by statute. The plaintiff claims that the Secretary unlawfully exceeded his authority, as evidenced in two pertinent regulations. The first regulation cited by plaintiff is 36 C.F.R. Section 67.2, which defined certified rehabilitation as

[a]ny rehabilitation of a certified historic structure which the Secretary has certified to the Secretary of the Treasury as being consistent with the historic charac-

ter of such structure and, where applicable, with the district in which such structure is located.

Plaintiff contrasts this definition with that set forth in the Internal Revenue Code, 26 U.S.C. Section 48(g)(2)(C), which states that a certified rehabilitation is

any rehabilitation of a certified historic structure which the Secretary of the Interior has certified to the Secretary as being consistent with the historic character of such property or the district in which the property is located.

Plaintiff finds fault with the Secretary's use of the phrase "and, where applicable, with the district in which the structure is located," as opposed to the Code's "or the district in which the property is located." The slight deviation of language does not indicate that defendant's action exceeded the scope of the Code. In implementing the Code provision, the Secretary is directed to determine whether the rehabilitation is consistent with the character of the property or the district, which implies that both must be considered in the process. The regulation also requires that both be considered.

According to the original denial of certification, dated December 26, 1985, the NPS regional director noted the effects of the rehabilitation, stating that the change "severely alters the building's historic character and distorts one's overall perception of the historic function of the building within the Ocean Grove Camp Community." In addition, the Chief Appeals Officer, in his July 30, 1987, denial, concluded that "the rehabilitation of the Ocean Grove Post Office is inconsistent with the historic character of the building and the district in which it is located." Thus, in determining whether the rehabilitation qualified for certification, the defendant necessarily considered whether the rehabilitation could be deemed consistent with either the historic character of the building or the district. The defendant found that the work was consistent with neither.

█ Plaintiff also asserts that the defendant erroneously considers the interiors of buildings seeking certification as historical structures. Plaintiff argues that 36 C.F.R. Section 67(b) exceeds the parameters of the Internal Revenue Code in that it requires that the rehabilitation project encompass all work on the interior as well as exterior of the structure. The plaintiff claims that Section 48(g)(3)(A) of the Internal Revenue Code limits the consideration of a certified historic structure to the exterior of the building; however, this court notes that the language of the statute does not limit consideration to the exterior of the structure. The statute defines a certified historic structure as a "building (and its structural components)...." The interior of the building was not specifically excluded by Section 48(g)(3)(A) and was properly considered by the defendant. Plaintiff's argument that defendant's requirement that the interior of the building be rehabilitated would result in a reconstruction, rather than a rehabilitation, must fail. The interior components of this building represent the historic character which the statute was designed to preserve, and the Secretary's concern over the narrowed central stair, exposed brick walls and inconsistent replacement material was proper. The statute does not specify the exterior as the sole criterion. The statute uses the generic term "building."

Accordingly, plaintiff's claims that the Secretary promulgated regulations conferring additional or improper authority cannot stand. As stated in *St. Charles Associates, Ltd. v. United States*, 671 F.Supp. 1074 (D.Md.1987),

[w]here a statute authorizes an agency to implement rules or regulations as may be necessary to carry out a delegated duty, "such regulations are to be sustained so long as they are 'reasonably related to the purposes of the enabling legislation,' and are to be given consideration by a reviewing court." *United Hospital Center, Inc. v. Richardson*, 757 F.2d 1445, 1451 (4th Cir.1985), *quoting Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973).

671 F.Supp. at 1081.

Plaintiff asserts that defendant is not entitled to summary judgment due to the

existence of prejudicial errors during the pendency of the certification determination. Pursuant to 36 C.F.R. 67.10, a certification can be issued only in those instances where the statutory requirements have been met or where prejudicial error legally compels issuance of the certification. This court finds no prejudicial error sufficient to require issuance of the certification.

■ Plaintiff finds fault with the amount of time which elapsed between the filing of the completed application and the CAO's denial of certification. As previously noted, plaintiff's application was not completed until July 22, 1985, and the NPS did not deny plaintiff's application until December 26, 1985, nearly four months after receipt of the completed application. Pursuant to 36 C.F.R. 67.3(b)(4), review of a certification request should generally be completed within sixty days of receipt of the completed application, though the timelines are not mandatory. In addition, failure to complete review during the recommended time frame does not waive or alter any certification requirement. Accordingly, this court finds that defendant's failure to process the application within the suggested timelines, although inconvenient and burdensome to plaintiff, does not rise to such level of prejudicial procedural error as to warrant certification.

In addition, plaintiff contends that defendant erroneously failed to make on-site inspection of the rehabilitation prior to rendering a final decision. This court notes that plaintiff submitted detailed written reports, numerous photographs and two videotapes depicting the original building and the rehabilitation in progress. The regulations governing the certification procedures authorize site visits, but do not require such visits prior to any determination. 36 C.F.R. 67.6(e).

Plaintiff alleges that the CAO exceeded the authority granted to him by 36 C.F.R. 67.10. Plaintiff claims that the CAO erroneously made new findings of fact, rather than reviewing the written record, meeting with the appellant, and considering any additional information provided. Plaintiff finds fault with the CAO's finding that the elevator could have been located elsewhere in the building, having based his decision on the fact that plaintiff offered no evidence that it could not have been relocated. The lack of evidence as to possible relocation is quite significant in reviewing the CAO's determination. As noted in the CAO's determination upon reconsideration, the plaintiff "presented no evidence to demonstrate that alternative locations [for the elevator] within the structure were considered, and I see no evidence that it is technically infeasible to rehabilitate the structure without placing the elevator in its present location." In requesting certification from the Secretary in order to take advantage of tax credits for rehabilitation, the burden is on the applicant to furnish information sufficient to enable the Secretary to make a determination. Plaintiff provided no evidence to enable the CAO to amend his previous determination as to the relocation of the stairway.

As previously noted, this court's scope of review is derived from the Administrative Procedure Act, 5 U.S.C. Section 706. Pursuant to the statute, this court is empowered to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." This court may set aside an action, findings and conclusions if they are determined to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. Section 706(2). Plaintiff asserts that this court should conduct a trial *de novo* in reviewing the Secretary's decision. This court finds that such inquiry is unwarranted, as plaintiff has not proven to this court that defendant's actions have in any way circumvented the requisite standards and procedures in making its determination that plaintiff's plan for rehabilitation, and subsequent implementation of that plan, did not conform with the historic character of the building and the district in which it is located.

■ Defendant's authority to make certification determinations was granted by Congress, and as such the decisions made in its discretion are subject to judicial review only to determine whether the Secretary has exceeded the statutory authority or has acted arbitrarily. *Fidelity Federal Savings & Loan Ass'n v. De la Cuesta,* 458 U.S. 141, 159, 102 S.Ct. 3014, 3025, 73 L.Ed. 664 (1982); *Frisby v. Department of Housing and Urban Development,* 755 F.2d 1052, 1055 (3d Cir.1985). As previously noted, this court is of the opinion that the defendant did not exceed statutory authority or act arbitrarily. The defendant, throughout the course of its determination, acted within the bounds set forth in the statutes and implementing regulations; thus, summary judgment is appropriate. This court, in reviewing the record of administrative proceedings in an action, is not empowered to substitute its judgment for that of the agency. *CCTW & M v. United States Environmental Protection Agency,* 452 F.Supp. 69, 77 (D.N.J.1978). Based on the submissions of the parties, this court would not be inclined to do so, even if so authorized.

Plaintiff next asserts that the CAO erroneously disregarded the recommendation of the SHPO regarding approval of the application; however, according to 36 C.F.R. 67.3(b)(4), the CAO is not bound by the recommendations of the SHPO.

Based on the submissions of the parties, as well as their arguments to this court, summary judgment is appropriate, thus dismissing plaintiff's action against defendant seeking judicial review of the Secretary's decision. Rule 56(c) of the Federal Rules of Civil Procedure states in relevant part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Advisory Committee Notes to Rule 56 point out that the very purpose of a summary judgment motion is to "pierce the pleadings" to determine whether there is a genuine need for a trial. It is the moving party who bears the burden of showing that no genuine issue of material fact exists. *Goodman v. Meade Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed. 2d 748 (1977). An issue is "genuine" only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In defendant's memorandum in support of this motion, as well as in defendant's response to plaintiff's opposition arguments, defendant has carried its burden of showing to the court that no genuine issue of material fact exists. Defendant's assertions and the accompanying administrative record indicate that defendant acted within the scope of its statutory authority during the course of plaintiff's application process. Thus, summary judgment shall be granted on behalf of the defendant, United States Department of the Interior.

An order will be entered in accordance with this opinion. No costs.